**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martine Park, | No. CV-24-08178-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Liz Seibold, | |
| Defendant. | |

At issue is the Notice of Removal (Doc. 1) filed by Defendant Liz Seibold. In the Complaint, *pro se* Plaintiff Martine Park brings a claim against Defendant for payment of $3,500 of Plaintiff's medical debt that allegedly arose while Plaintiff worked as a contractor for Defendant's business. (Doc. 1-1 at 7.) Plaintiff alleges that, under an attached "contractual agreement," Defendant and two other individuals "were to pay $6500 of the medical bills and [Plaintiff] was to pay around 600 each year." (Doc. 1-1 at 7.)

On September 16, 2024, Defendant removed this action from Flagstaff Justice Court under 29 U.S.C. § 1132(e), which provides that United States district courts have exclusive jurisdiction over civil enforcement actions arising under the Employee Retirement Income Security Act (ERISA). (Doc. 1 at 2.) Specifically, Defendant contends that "Plaintiff's complaint asserts a claim for benefits under a Group Medical Plan . . . provided by Defendant's former employer," which Plan is governed by ERISA.[1] (Doc. 1 at 2.)

---

[1] It is unclear to the Court how Plaintiff, who alleges in the Complaint that she worked as a contractor for Defendant's company (Doc. 1-1 at 7), was covered under the Group Medical Plan of "Defendant's former employer" (Doc. 1 at 2).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and doubts about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As Judge Teilborg found in a sister case in this District, the allegations in the Complaint do not lead the Court to the conclusion that it has subject matter jurisdiction over this matter. (*See* Case No. CV-24-08176-PCT-JAT, Doc. 7.) Plaintiff brings her claim for payment of a portion of her medical bills against Defendant as an individual based on an alleged contractual agreement; Plaintiff does not allege an insurance company or other ERISA plan administrator improperly denied her medical benefits to which she was entitled. Plaintiff is the master of her Complaint and, as Judge Teilborg observed, the Court cannot read allegations into Plaintiff's Complaint that are not present to establish subject matter jurisdiction. (Case No. CV-24-08176-PCT-JAT, Doc. 7.) Accordingly, the Court must remand this case to Flagstaff Justice Court.

**IT IS THEREFORE ORDERED** remanding this case to the Flagstaff Justice Court, County of Coconino, due to a lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** vacating the Scheduling Conference set for October 29, 2024 at 10:00 AM (Doc. 6).

Dated this 3rd day of October, 2024.

_____
Honorable John J. Tuchi
United States District Judge